UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT HOARD, IV,**

    Plaintiff,               CIVIL ACTION NO. 05-CV-60095-DT

v.                              DISTRICT JUDGE JOHN CORBETT O'MEARA

**SAGINAW COUNTY JAIL,**       MAGISTRATE JUDGE DONALD A. SCHEER
**SAGINAW COUNTY SHERIFF, and**
**SAGINAW COUNTY ADMINISTRATOR**

    Defendants.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: The Complaint should be dismissed due to plaintiff's failure to exhaust available administrative remedies.

                    \*     \*     \*

Plaintiff while incarcerated at the Saginaw County Jail,[1] was allowed to proceed in forma pauperis and filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on May 2, 2005, against the Saginaw County Jail, the Saginaw County Sheriff and Jail Administrator. Plaintiff alleged that upon his admittance to the Saginaw County Jail in November 2004, as a pretrial detainee, he was subjected to conditions of confinement that constituted cruel and unusual punishment in violation of Eighth Amendment guarantees. He claimed that he was forced to spend numerous hours on a concrete slab, even though jail personnel were aware that he suffered from severe hip pain. Plaintiff asserted that his jail cell was vermin

---

[1] Plaintiff is still incarcerated at the Saginaw County Jail in Saginaw, Michigan.

infested and did not have a working toilet.  He added that the food was inadequate, and contained meat in violation of his religious beliefs.  Claiming violations of his Eighth Amendment rights, Plaintiff sought compensatory damages and declaratory relief.  For reasons stated below, the Court should dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

**EXHAUSTION OF REMEDIES**

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action.  Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise."  Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).  The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement sua sponte.  Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998), cert. denied, 525 U.S. 833 (1998).  Compliance with this provision requires that prisoners file a grievance against the person(s) they

ultimately seek to sue, Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001), and merely grieving prison conditions, without identifying any particular person who may be responsible, is insufficient. Gibbs v. Bolden, 151 F. Supp.2d 854, 857 (E.D. Mich. 2001).

In this case, Plaintiff acknowledged in his Complaint that he failed to exhaust his administrative remedies. Plaintiff admitted that he did not seek an appeal to the Saginaw County Jail Administrator, as he was required to do at Step 4 of the administrative process (See Complaint, p.3 Section II). The prisoner bears the burden of showing that all administrative remedies have been exhausted by attaching to his Complaint copies of any grievance decision demonstrating the "administrative disposition of his complaint." Brown, 139 F.3d at 1104. The prisoner must show that he has exhausted the administrative remedies with respect to each individual he intends to sue. Thomas v. Woolum, 337 F.3d 720, 735 (6th Cir. 2003); Burton v. Jones, 321 F.3d 569, 574 (6th Cir.2003). Plaintiff did not attach any copies of his jail grievances to the Complaint. The PLRA clearly makes exhaustion a pleading requirement, which cannot be cured later in the litigation. Therefore, the time for proving exhaustion is when the original complaint is filed, and not later.

Plaintiff has failed to show that he pursued grievances against all the Defendants at all levels of administrative review, or that he was precluded from doing so. As a result, the Complaint should be dismissed on the basis of Plaintiff's failure to exhaust

administrative remedies. <u>Brown v. Toombs</u>, 139 F.3d at 1104; <u>White v. McGinnis</u>, 131 F.3d 593. 595 (6th Cir. 1997).

<u>SUPERVISORY DUTIES</u>

Alternatively, the instant Complaint should be dismissed as to the Saginaw County Sheriff and Saginaw County Jail Administrator based on their lack of personal involvement in the underlying acts giving rise to this action. In order to state a claim for monetary damages under § 1983, the Plaintiff must allege some specific, personal wrongdoing on the part of each individual defendant, and theories of vicarious liability or respondeat superior are not sufficient. <u>Rizzo v. Goode</u>, 423 U.S. 362, 376 (1976); <u>Poe v. Haydon</u>, 853 F.2d 418, 429 (6th Cir. 1988), <u>cert. denied</u>, 488 U.S. 1007 (1989). Additionally, a supervisory official's failure to supervise, control, or train the offending individual is not actionable, unless the supervisory official "either encouraged the specific incident of misconduct or in some other way directly participated in it." <u>Hays v. Jefferson County</u>, 668 F.2d 869, 874 (6th Cir. 1982), <u>cert. denied</u>, 459 U.S. 833 (1982).

In the instant Complaint, the County Sheriff and Jail Administrator were apparently named as defendants because of their respective positions of authority and administrative responsibility. Because the Plaintiff failed to indicate that these defendants were personally involved in conduct violative of Plaintiff's constitutional rights, his complaint should be

4

dismissed as to each of them. Similarly, there is no proper basis alleged in the complaint for a claim against the Saginaw County Jail. The general rule is that a local governmental unit may not be sued under § 1983 for a wrong inflicted solely by its employees or agents unless they are executing some official policy, practice or custom. <u>Monell v. NYC Department of Social Services</u>, 436 U.S. 658, 694 (1978). Plaintiff identifies no specific custom or policy which contributed to, or resulted in, his alleged treatment.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge O'Meara's acceptance thereof is waived.

<u>s/Donald A. Scheer</u>
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: August 10, 2005

---

CERTIFICATE OF SERVICE

I hereby certify on August 10, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 10, 2005. Robert Hoard, IV.

<u>s/Michael E. Lang</u>
Deputy Clerk to Magistrate
Judge Donald A. Scheer
(313) 234-5217